[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12441
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-20586-JAL


JACK L. PRICE,

                                                        Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 6, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jack Price, a Florida prisoner, appeals the denial of his petition for writ of habeas corpus.  See 28 U.S.C. § 2254.  Price argued that trial counsel was ineffective for failing to strike a prospective juror whose responses during voir dire suggested that she thought a defendant should testify at trial.  We issued a certificate of appealability to resolve "[w]hether the district court erred in finding that Price's consent to the jury panel precluded him from establishing that counsel was ineffective for failing to challenge juror Magda Brau for cause."  Because it was not an unreasonable application of clearly established federal law for the Florida courts to conclude that Price could not argue that counsel had been ineffective for failing to strike a juror that Price had approved, we affirm.

During voir dire, defense counsel asked the jury panel if they "would expect Mr. Price or any defendant to sit on that witness stand and testify."  Juror Brau's responses arguably suggested that she thought a defendant should testify:

> Mr. Friedman: . . . Do you understand [the defendant] has no burden whatsoever placed upon him and that is the way the law is created.  The defendant doesn't have to defend himself or he doesn't have to do anything?
>
> Prospective Juror Brau: Doesn't he want to help himself because he already hired you?  Doesn't he want to help himself as well?
>
> Mr. Friedman: Perhaps the evidence states that the case against Mr. Price is so week (sic) that he doesn't have to get in the witness stand.  That is a possibility.  Perhaps he is the type of individual who doesn't speak well in front of others and he gets so nervous and fluster[ed] that he wouldn't present himself as a good witness.  There could be multiple scenarios of why a person choses (sic) not to testify for

2

himself. You understand the way our legal system [was] created, the fifth amendment doesn't allow you to incriminate against yourself. They have to proffer everything. Ms. Brau?

Prospective Juror Brau: As far as I am concerned, he is here. Why is he here? Wouldn't he have to go up there to say why he is here?

Mr. Friedman: Are you saying there are absolutely no scenarios where a person who does not testify on his own behalf end up being found [not] guilty. That is possible isn't it?

Prospective Juror Brau: I am sure it is. I haven't—I don't know. It feels like he should defend himself.

Mr. Friedman: I appreciate your honesty.

Defense counsel and the State accepted Juror Brau for the petit jury. Before the jurors returned to the courtroom, the district court asked Price if he was satisfied with the jurors seated by his attorney, and he responded affirmatively.

The Court: Mr. Price, you have been sitting here throughout this process. Do you agree with the jurors that have been selected by your lawyer?

The Witness [Price]: Yes, I do.

The jury convicted Price of aggravated battery with a deadly weapon. See Fla. Stat. §§ 775.087, 784.045(1)(a)(2). The verdict form stated that Juror Brau served as the foreperson of the jury. The Florida court sentenced Price to 15 years of imprisonment. Later, the state appellate court affirmed Price's conviction and sentence. Price v. State, 932 So. 2d 1244 (Fla. Dist. Ct. App. 2006).

3

Price filed a motion for postconviction relief, see Fla. R. Crim. P. 3.850, which a Florida court denied. Relevant to this appeal, Price argued that his trial counsel was ineffective for failing to remove Brau from the jury panel. Price argued that Brau was biased because she thought he needed to prove his innocence and that he was prejudiced because Brau served as the foreperson of the jury. The Florida court ruled that Price could not acquiesce in counsel's decision to select Brau as a juror and later relitigate that decision in a collateral proceeding under the guise of ineffective assistance of counsel. The state appellate court affirmed summarily. Price v. State, 986 So. 2d 615 (Fla. Dist. Ct. App. 2008).

Price filed a federal petition for a writ of habeas corpus and raised the same claim of ineffective assistance of counsel. The district court accepted the recommendation of a magistrate judge and denied Price's petition. The district court ruled that "Price produced no evidence proving trial counsel's deficiency" when "Price consented to the selection of the jury, including Brau" and the "denial of [Price's] claim [was] not contrary to or an unreasonable application of Strickland."

Price must "[s]urmount[] [a particularly] high bar" to obtain a writ of habeas corpus on his claim of ineffective assistance of counsel. Padilla v. Kentucky, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485 (2010). Under the Antiterrorism and Effective Death Penalty Act, a petitioner is entitled to a writ of habeas corpus if the

4

state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court makes an "unreasonable application" of clearly established federal law only when the court " 'identifies the correct governing legal principle from [the] decisions [of the Supreme Court] but unreasonably applies that principle to the facts' of petitioner's case."  Wiggins v. Smith, 539 U.S. 510, 520, 123 S. Ct. 2527, 2534–35 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000)).  "If [the] Court has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar."  Williams, 529 U.S. at 381, 120 S. Ct. at 1506–07.

The district court correctly denied Price's petition.  The state courts ruled that Price could not prove that his counsel had been deficient for failing to remove a juror whom Brau had agreed should be impaneled.  See Strickland v. Washington, 466 U.S. 668, 691, 104 S. Ct. 2052, 2066 (1984) ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."); see also United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks and citation omitted)).  Price cites no precedent of the Supreme Court establishing that

5

"the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. ____, 131 S. Ct. 770, 786–87 (2011).  The decision by the state court that trial counsel was not ineffective is not contrary to or an unreasonable application of clearly established federal law.

We **AFFIRM** the denial of Price's petition for a writ of habeas corpus.